**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | Criminal No.: 4:94-297-6 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Patrick L. Harris, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the defendant's motion to vacate, set aside, or correct his guilty plea and sentence pursuant to 28 U.S.C. § 2255. The defendant is serving a 262 month sentence for violations of 21 U.S.C. §§ 846 and 841. The defendant claims that he is entitled to relief because of new evidence that was previously unavailable to him.

On September 23, 1998, the defendant filed a motion to vacate, set aside, or correct his guilty plea and sentence pursuant to 28 U.S.C. § 2255. On July 6, 1999, the government filed a motion for summary judgment asking that the petition be dismissed. On March 21, 2000, the Court denied the defendant's § 2255 motion. On March 24, 2000, the Court granted the government's motion for summary judgment and dismissed the action with prejudice. On March 26, 2001, the Fourth Circuit Court of Appeals denied the defendant's motion for a certificate of appealability.

On July 9, 2007, the defendant moved to vacate, set aside, or correct his guilty plea and sentence pursuant to 28 U.S.C. § 2255. "Review of successive applications is available only in limited circumstances." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003). As amended, the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255 bars successive

applications unless they contain claims relying on:

> (1) newly discovered evidence, that if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255 ¶ 8 (2006).

The defendant asserts that there is "newly discovered evidence sufficient to establish that no reasonable fact finder would have found the movant guilty." 28 U.S.C. §§ 2244(b)(3)(C), 2255 (2000). The defendant alleges that Agent Steve Pearson ("Agent Pearson") perjured testimony to the federal grand jury. The defendant claims that on June 27, 2003, his co-defendant, Charles Anthony Brown ("Brown"), provided new facts in an affidavit that were previously unavailable to the defendant and which contradicted the allegations made by Agent Pearson when he testified to the grand jury. Agent Pearson states in his grand jury testimony that he interacted with Brown during the time period of March 10, 1993 through March 12, 1993. Brown claims that he did not meet or engage in conversation with Agent Pearson at any time between March 10, 1993 and March 12, 1993. Regardless of the discrepancy between the affidavit and the grand jury testimony, the defendant's allegations are not sufficient to satisfy either of the criteria required to file a successive § 2255 motion. The defendant had an opportunity to challenge Agent Pearson's allegations at his trial, and the affidavit is not newly discovered evidence.

Furthermore, before filing a successive collateral review application in a district court, a prisoner must first obtain authorization from the appropriate court of appeals. 28 U.S.C. 2244(b)(3) (2006). Absent pre-filing authorization, a district court has no jurisdiction to consider these

applications.  United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).  However, the defendant did not obtain authorization from the Fourth Circuit Court of Appeals to file his successive § 2255 motion in this Court.  Thus, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, the Court has no jurisdiction over this matter.

In addition, the defendant failed to bring his motion for habeas relief within the statute of limitations now prescribed by 28 U.S.C. § 2255.  The Antiterrorism and Effective Death Penalty Act requires that prisoners are to bring their claims for habeas relief under 28 U.S.C. § 2255 within one year.  The defendant's appeal was heard by the Court of Appeals for the Fourth Circuit on January 28, 1997, and that Court's decision was issued on April 24, 1997.  The defendant should have filed his § 2255 petition no later than April 24, 1998.  On July 7, 2007, the defendant, therefore, untimely filed his § 2255 motion.  *See* United States v. Pregent, 190 F.3d 279, 280 (4th Cir. 1999).

Because the defendant's motion is successive, this Court lacks jurisdiction to consider the his motion.  Therefore, the Court denies the motion without prejudice to allow the defendant to seek permission from the Fourth Circuit Court of Appeals to file a second or successive motion pursuant to 28 U.S.C. § 2255.

**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

November 7, 2007
Charleston, South Carolina