**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | Criminal No.: 4:94-297-CWH-6 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Patrick L. Harris, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On September 23, 1998, the defendant filed a motion to vacate, set aside, or correct his guilty plea and sentence pursuant to 28 U.S.C. § 2255. On July 6, 1999, the government filed a motion for summary judgment asking that the petition be dismissed. On March 21, 2000, the Court denied the defendant's § 2255 motion. On March 24, 2000, the Court granted the government's motion for summary judgment and dismissed the action with prejudice. On March 26, 2001, the Fourth Circuit Court of Appeals denied the defendant's motion for a certificate of appealability.

On July 9, 2007, the defendant moved to vacate, set aside, or correct his guilty plea and sentence pursuant to 28 U.S.C. § 2255. On November 7, 2007, the Court denied the defendant's motion to vacate without prejudice to allow the defendant to seek permission from the Fourth Circuit Court of Appeals to file a second or successive motion pursuant to 28 U.S.C. § 2255. On November 26, 2007, the defendant requested the Court to reconsider its November 7, 2007 order. "[I]f a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled." Dove v. Codesco, 569 F.2d 807, 809 (4th Cir. 1978). The Court will treat the

plaintiff's motion as a Rule 59(e) motion because it was served within 10 days of judgment. *See* Fed. R. Civ. P. 59(e); Small v. Hunt, 98 F.3d 789, 797 (4th Cir. 1996).

The Fourth Circuit recognizes three grounds for altering or amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See* Pacific Ins. Co. v. American Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Thus, a motion for reconsideration after the entry of judgment is an "extraordinary remedy" which should rarely be used. Id. The defendant does not agree with the Court's previous judgment but does not advance any arguments that would warrant amending it. Moreover, under the Court's November 7, 2007 order, the defendant will be allowed to challenge his sentence on direct appeal.

The defendant has not set forth new evidence that was previously unavailable, nor does he point to a clear error of law. The defendant must demonstrate a clear error of law or manifest injustice in order to satisfy the requirements of Rule 59(e). Because the defendant fails to demonstrate either, the Court denies his motion for reconsideration.

**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

March 24, 2008
Charleston, South Carolina